### JOHN SEICK et al. v. STATE.

No. A-4448.    Opinion Filed May 26, 1924.
(225 Pac. 995.)

(Syllabus.)

1.  **Appeal and Error—Affirmance—Absence of Briefs and Argument.** In a criminal case, where the defendant appeals from a judgment of conviction, and no briefs are filed or argument presented, this court will make an examination of the case-made, and, if no error is apparent, will affirm the judgment.

2.  **Larceny—Evidence Sustaining Conviction for Larceny of Automobile.** In a prosecution for stealing an automobile, evidence held to sustain verdict and judgment of conviction.

Appeal from District Court, Logan County; C. C. Smith, Judge.

John Seick, Jr., and Bessie Harford were convicted of grand larceny, and they appeal. Affirmed as to John Seick, Jr., and appeal dismissed as to Bessie Harford.

Orban C. Patterson, for plaintiffs in error.

The Attorney General, for the State.

DOYLE, J. The information in this case charges Clarence Barnard, John Seick, Jr., and Bessie Harford with the theft of one Ford touring car, of the value of $400, the property of Swain Austin. The case was dismissed as to the defendant Clarence Barnard, and he testified as a witness for the state. The trial resulted in the jury returning a verdict finding John Seick, Jr., guilty, and fixing his punishment at imprisonment in the penitentiary for the term of 20 years, and finding Bessie Harford guilty, and fixing her punishment at imprisonment in the penitentiary for the term of 5 years. From the judgment rendered on the verdict March 18, 1922, they appealed by filing in this court on September 9, 1922, a petition in error, with case-made.

It appears that on November 30, 1922, Bessie Harford was granted a parole by the Governor, and for this reason the appeal as to her is dismissed.

The undisputed facts are that Swain Austin, the owner of a Ford touring car, left it standing in front of the Masonic Temple in Guthrie at about half past 7 o'clock of the evening of October 26, 1921; in about two hours thereafter the owner returned to the place where he had left his car, and it was gone; it was recovered about 2 o'clock the next morning on the road east of El Reno, at which time it was being driven by the defendant Barnard; the other two defendants were following Barnard in a Ford car.

As a witness for the state Clarence Barnard testified:

"John Seick came out to the hospital, 510 East Sixth street, Oklahoma City, around 3 o'clock, and asked me to go to Guthrie with him and help steal a car; that he would give me $50 if I would knock one away from the curb for him; I went with him. He stopped where he was living with Bettie Baker, here called Bessie Harford; she got in the car, and rode in the front seat with him. On the way we talked about getting a car. He said he would give me $50 if I would drive it out of town; then he would take it and go on; he was to furnish the key and switch number. We stopped at a garage in Guthrie; then went to my former wife's home; we had supper; we left there, and drove around town, and stopped at the Ford garage, where he had his car fixed. He paid the bill, and grumbled about it being so high. Then we drove around the Masonic Temple two or three times and parked across from the temple; as we drove by we picked out a car. While I stood in front of the temple, he took the switch number with a flashlight. We walked back to his car, where Bettie was, and he said he had a bunch of keys, from 1 to 75, that would unlock any Ford. He took one off the ring; it was number 52. He said that was the number of the switch on the car he looked at. He then said he would drive out North Broad and wait for me. I unlocked the car, and drove up North Broad, passed them and turned west, then south along the interurban line. He passed me below the railroad track, and motioned me to follow him. About half way to El Reno I ran out of gas, and flashed the lights, and he came back and gave me gas out of his car. We went on until I ran out of gas again. He drove up and told me to go up to the house and get some gas. I took a bucket and went up to the house, and while I was there he and Bettie drove in. The man gave us gas out of a big truck. I left them there, and went back to the car and poured in the gas, and as I started up some fellows hunting for a car stolen in El Reno arrested me. John and Bettie drove back and talked to these fellows, and then drove off towards Oklahoma City. Seick had a forty-five United States Colts automatic, and I had one."

Five or six other witnesses testified for the state. At the close of the evidence for the state the defendant demurred to the same, and asked the court to instruct the jury to return a verdict of acquittal, which the court refused to do. This is assigned as error.

As a witness in his own behalf John Seick, Jr., testified:

"I live in Oklahoma City. I know Clarence Barnard. He is commonly known as 'Shy.' I was standing on a street corner. He came by and said he wanted to hire a car to go to Guthrie, and I told him it would cost him $25 if I brought him up here. He said, 'All right,' he had the money to pay; he got into the car, and we started down town. I said, 'Well, Shy, I am going to go out and get my girl.' He said, 'Are you going to take her with you?' I said, 'I am, absolutely.' He said, 'Well, that is all right.' I picked up Miss Bessie Harford, and we started for Guthrie, arriving there about 5 o'clock. We all went out to his father-in-law's, and I should judge we were there an hour. We then drove to the Ford agency, and on the way I asked him for my services bill. He handed $25 to Bessie, and she handed it to me. I got a brake shoe put on at the Ford agency. We drove on a little further, and he said something about having a car, or some of his people had a car. I said, 'We will wait on you if you won't be gone long'; in a little bit he drove up in a car. He told me to follow him, and I did. After we had gone about four miles he stopped, and he says, 'You go ahead and lead the way.' He says, 'I am going to take this car to El Reno, if you will lead the road to El Reno, I will pay you for it when we get there.' The next stop was at Yukon. I ran out of gas and so did he. We got the gas at a farmhouse, he left his car about a quarter from the house, and got his gas in a bucket; as he got his, he remarked to me, 'Will you pay for this gas?' I says, 'Yes, but you will have to pay me back.' We drove from the farmhouse. (There were three fellows in a car there. I said 'What is wrong?' One of the parties said, 'That is a stolen car.' I remarked to Bettie, 'I am glad we

don't know nothing about it,' and we drove back to Oklahoma City. I did not offer to pay Barnard $50 to go to Guthrie and steal a car.''

No brief has been filed, and the defendant is not represented in this court. However, we have carefully gone through the record, and find it free from substantial error.

It is the province of the jury to try the issue joined by a plea of not guilty, and, if the evidence of the state uncontradicted will support a conviction, this court will not ordinarily interfere with the verdict against the defendant.

We find the verdict has ample support. The judgment herein against the defendant, John Seick, Jr., is accordingly affirmed.

MATSON, P. J., and BESSEY, J., concur.